IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Cr. No. C-03-244 |
| ORLANDO RODRIGUEZ. | § | |

## ORDER DENYING LETTER MOTION
## FOR CLARIFICATION OF JUDGMENT

Pending before the Court is Orlando Rodriguez's ("Rodriguez") letter motion asking the Court to clarify the payment terms of the fine imposed in his criminal case. (D.E. 15.) In it, he claims that the $4,000 fine the Court imposed as part of his criminal judgment was ordered to be paid upon the completion of his incarceration. He complains that the Bureau of Prisons has taken the position that he was supposed to make payments while incarcerated. He further explains that he was scheduled to be given a six-month halfway house placement in Corpus Christi beginning in July 2007, but was recently informed that his halfway house placement was being cancelled because he had not made any payments toward his fine while incarcerated. He asks that the Court "review [his] file" and "respond back to [him] with a written explanation of how the Bureau of Prison [sic] could cancel [his] Halfway House." (D.E. 15 at 1.)

The judgment in this case flatly contradicts Rodriguez's claim that he was not required to make payments while incarcerated. It clearly states that his payments were "to begin 60 days from the date of placement at the Bureau of Prisons at a rate of no more than 20 percent of funds in his inmate trust

1

fund. The balance is to be paid at a rate of $500 per month until paid in full, with payments beginning 60 days after release to a term a supervised release." (D.E. 13 at 6.) The judgment is consistent with both the minutes from sentencing (see D.E. 12) and the Court's oral pronouncement of the terms of the fine at sentencing. (See January 13, 2004 Digital Recording of Sentencing at 3:10-3:11.) Accordingly, no clarification is needed and Rodriguez's letter motion is DENIED.

Additionally, with regard to Rodriguez's request for an "explanation" as to how the Bureau of Prisons can "cancel" his halfway house placement, the Court notes that the BOP generally has authority to determine the placement of prisoners in its custody. To the extent Rodriguez wishes to challenge the BOP's refusal to place him in a halfway house facility, the proper vehicle for such a challenge is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out") (citations omitted); Rublee v. Fleming, 160 F.3d 213 (5th Cir. 1998) (utilizing § 2241 to address a claim that the BOP improperly denied the defendant placement in a particular BOP community-based treatment program).[1]

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before filing a § 2241 petition in federal court. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992). Rodriguez's motion indicates that he has spoken with his case manager about this issue, but does not reflect whether he has sought any relief through the BOP's administrative grievance procedures.

## **CONCLUSION**

For the foregoing reason, Rodriguez's motion seeking clarification of his judgment (D.E. 15) is DENIED.

ORDERED this 14th day of May, 2007.

_____
Janis Graham Jack
United States District Judge